IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROTISH VIKASH SINGH,

        Plaintiff,

     v.

S. FRANKE, et al.,

        Defendants.

Civil No. 2:12-cv-00873-BR

OPINION AND ORDER

       ROTISH VIKASH SINGH
       SID #11852604
       Two Rivers Correctional Institution
       82911 Beach Access Rd.
       Umatilla, OR  97882-9419

           Plaintiff *Pro Se*

       ELLEN F. ROSENBLUM
       Attorney General
       SHANNON F. VINCENT
       Assistant Attorney General
       Oregon Department of Justice
       1162 Court Street NE
       Salem, OR  97301

           Attorneys for Defendants Brown, Fanger,
           Franke, Gower, Gruenwald, Hansen, Jackson,
           Martinez, Mathisen, Myrick, Perkins, Reynolds,
           Shelton, Taylor, and Wettlaufer
           (the "State Defendants")

1 - OPINION AND ORDER -

STEVEN A. KRAEMER
MARK SHERMAN
Hart Wagner LLP
1000 SW Broadway
Twentieth Floor
Portland, OR   97205

     Attorneys for Defendant Tom Clark

BROWN, Judge.

     Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action *pro se*.  Currently before the Court is Defendant Tom Clark's Motion Dismiss for Failure to State a Claim (#36).  For the reasons that follow, the Court GRANTS Defendant Clark's motion.

## BACKGROUND

     Plaintiff's Complaint alleges claims for civil rights violations under 42 U.S.C. § 1983.  Plaintiff names as Defendants several Oregon Department of Corrections ("ODOC") state correctional officials and prison medical providers, who are referred to hereafter as the "State Defendants."  Plaintiff also names one individual, Tom Clark, who is employed with a private company which provides food products to ODOC.  Plaintiff alleges five separate and distinct claims for relief, only one of which concerns prison food.  Plaintiff alleges prison officials acted with deliberate indifference by serving Plaintiff out-dated and spoiled food on one occasion, which caused Plaintiff to become ill.

2 - OPINION AND ORDER -

For the most part, in each of his five claims for relief,
Plaintiff identifies which of the prison employees named as the
State Defendants participated in the alleged violation of
Plaintiff's rights, and alleged the individual acts committed.
Plaintiff does not, however, allege any personal involvement by
Defendant Tom in providing or serving the allegedly tainted food.
Nor does Plaintiff allege any knowledge Defendant Clark had that
the food was tainted.

Defendant Clark moves to dismiss Plaintiff's claims against
him for three reasons.  First, Defendant Clark argues Plaintiff
cannot prove he was acting under color of state law.  Second, an
isolated instance of food poisoning does not rise to the level of
a constitutional violation.  Third, Plaintiff fails to allege and
cannot prove Defendant Clark was personally involved in the an
action that violated Plaintiff's rights.

## LEGAL STANDARDS

In order to state a claim, Plaintiff's complaint must contain
sufficient factual allegations which, when accepted as true, give
rise to a plausible inference that Defendants violated Plaintiff's
constitutional rights.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57
(2007).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the

3 - OPINION AND ORDER -

misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege personal involvement by the Defendant in the alleged violation of the plaintiff's rights. Here, Plaintiff fails to allege any personal participation by Defendant Clark in any violation of Plaintiff's rights.

Moreover, in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts establishing that the defendant is acting under the color of state law at the time the acts complained of were committed, that the acts complained of resulted in the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States, and that the plaintiff was damaged as a result. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005); *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002). Private persons may act under color of state law if they "willfully participate in joint action with state officials to deprive others of constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540 (9th Cir. 1989). Plaintiff alleges no facts establishing that Defendant Clark was acting under color of state law at the time of any of the incidents alleged in the Complaint.

Finally, the Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). But "routine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Id.* Rather, extreme

deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).

Plaintiff does not allege any facts establishing that Defendant Clark was aware that Plaintiff was exposed to a serious risk of food poisoning and intentionally failed to protect against such a serious risk. "Indeed, a single instance of serving contaminated food, even it causes inmate illness, is not sufficient to show cruel and unusual punishment." *Van Buren v. Diaz*, 2013 WL 3773870, *3 (E.D. Cal. July 17, 2013) (citing *Islam v. Jackson*, 782 F.Supp. 1111, 1114 (E.D. Va. 1992)).

For these reasons, Plaintiff's Complaint fails to state a claim against Defendant Clark upon which relief may be granted. Accordingly, the Court GRANTS Defendant Clark's Motion to Dismiss. Because Plaintiff is proceeding *pro se* and it is not clear that the deficiencies of Plaintiff's Complaint as to Defendant Clark

cannot be cured by amendment, Plaintiff shall have until September 19, 2013, file an Amended Complaint curing these deficiencies.

Plaintiff is advised that his next Amended Complaint will operate as a complete substitute for the present Complaint, not as a supplement. As such, Plaintiff must include therein all of his claims, including the existing claims against the State Defendants which should be identical to those alleged in the original Complaint.

Plaintiff is further advised that as to Defendant Clark, Plaintiff must specifically and truthfully allege facts which would establish Defendant Clark personally participated in some act which actually caused the deprivation of Plaintiff's constitutional rights and that Defendant Clark acted under color of state law. Plaintiff is advised that if he submits an Amended Complaint which does cure the deficiencies noted as to his allegations against Defendant Clark, his deficient claim(s) will be subject to *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2). In that event, or in the event Plaintiff does not file an Amended Complaint by the above deadline, this action shall proceed on the claims contained in Plaintiff's original Complaint against the State Defendants.

**CONCLUSION**

For these reasons, the Court GRANTS Defendant Tom Clark's Motion to Dismiss for Failure to State a Claim (#36).  Plaintiff shall have until September 19, 2013, to file an Amended Complaint which complies with the directives set forth herein.  If Plaintiff fails to do so, Plaintiff's claims against Defendant Clark shall be dismissed with prejudice, and this action shall proceed upon the claims alleged in Plaintiff's original Complaint against Defendants Brown, Fanger, Franke, Gower, Gruenwald, Hansen, Jackson, Martinez, Mathisen, Myrick, Perkins, Reynolds, Shelton, Taylor, and Wettlaufer.  The Court shall set a case management schedule for the parties after September 19, 2013.[1]

IT IS SO ORDERED.

DATED this __16th__ day of August, 2013.

_____

ANNA J. BROWN
United States District Judge

---

[1]Before the entry of such case management schedule, the Court encourages Plaintiff and the State Defendants to proceed with any necessary discovery in due course.

8 - OPINION AND ORDER -