IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROTISH VIKASH SINGH,

    Plaintiff,

v.

S. FRANKE, et al.,

    Defendants.

Civil No. 2:12-cv-00873-BR

OPINION AND ORDER

    ROTISH VIKASH SINGH
    SID #11852604
    Two Rivers Correctional Institution
    82911 Beach Access Rd.
    Umatilla, OR  97882-9419

        Plaintiff *Pro Se*

    ELLEN F. ROSENBLUM
    Attorney General
    SHANNON F. VINCENT
    Assistant Attorney General
    Oregon Department of Justice
    1162 Court Street NE
    Salem, OR  97301

        Attorneys for Defendants Brown, Fanger,
        Franke, Gower, Gruenwald, Hansen, Jackson,
        Martinez, Mathisen, Myrick, Perkins, Reynolds,
        Shelton, Taylor, and Wettlaufer
        (the "State Defendants")

1 - OPINION AND ORDER -

STEVEN A. KRAEMER
MARK SHERMAN
Hart Wagner LLP
1000 SW Broadway
Twentieth Floor
Portland, OR  97205

    Attorneys for Defendant Tom Clark

BROWN, Judge.

Plaintiff, an inmate at the Twin Rivers Correctional Institution, brings this civil action *pro se*. Currently before the Court are several matters: (1) Plaintiff's Motion for Leave to Amend (#62); (2) Plaintiff's Motion to Sever (#61); (3) the State Defendants' Partial Rule 12(C) Motion for Judgment on the Pleadings (#59); and (4) Plaintiff's Motion for Certification of Question to Oregon Supreme Court (#74).

## I.  **Plaintiff's Motion for Leave to Amend**

### A.  **Background**

Plaintiff's original Complaint alleges claims for civil rights violations under 42 U.S.C. § 1983. Plaintiff identifies as Defendants by name and position several correctional officials and prison medical providers, as well as an individual employed with a private company which provides food products to the Oregon Department of Corrections ("ODOC"). Plaintiff alleges five separate and distinct claims for relief:  (1) that prison officials displayed deliberate indifference to his serious medical condition by discontinuing medication for his irritable bowel

2 - OPINION AND ORDER -

syndrome; (2) that prison officials displayed deliberate indifference to his serious medical condition by discontinuing the orders for an extra, medically approved, pillow for management of his reflux; (3) that prison officials acted with deliberate indifference by serving Plaintiff out-dated and spoiled food on one occasion; (4) that prison officials knowingly and deliberately opened Plaintiff's legal mail from his attorney outside Plaintiff's presence and then retaliated against Plaintiff when he filed a grievance; and (5) that prison officials acted with deliberate indifference by exposing Plaintiff to an unreasonable risk of serious harm because Plaintiff was forced to sleep on an unsanitary mattress. For the most part, in each separate claim Plaintiff alleges individual involvement by one or more of the named Defendants.

In his proposed Amended Complaint, Plaintiff again identifies by name and position each of the named Defendants. Plaintiff does not, however, separate his claims into distinct categories and does not identify the individual Defendants personally involved in each alleged deprivation of his rights. Also, in addition to alleging civil rights claims under 42 U.S.C. § 1983, Plaintiff attempts to invoke this Court's supplemental jurisdiction to allege various state law tort claims.

3 - OPINION AND ORDER -

### B. Legal Standards

Rule 15 governs amendments to pleadings, and states, in relevant part, that where a party has already been served with a responsive pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(1)-(2) (2012). The standard applied to motions for leave to amend is a liberal one. *Amerisource Bergen Co. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Even so, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

### C. Discussion

Defendant Clark opposes Plaintiff's motion to amend because the proposed Amended Complaint does not plead any specific allegations of personal involvement by Defendant Clark in the alleged violation of Plaintiff's rights that would support a colorable claim under either state or federal law. The State Defendants also oppose Plaintiff's motion, arguing that the allegations in the proposed Amended Complaint are directed at "prison officials" and generally fail to allege any personal involvement by individual Defendants, that Plaintiff's proposed state law claims are barred by the Eleventh Amendment, and that

4 - OPINION AND ORDER -

Plaintiff's attempt to allege claims against the "Estate of Greg Lytle, M.D." are futile.

### 1. Lack of Personal Involvement

To state a § 1983 claim, a plaintiff must allege facts showing the deprivation of a right, privilege or immunity secured by the Constitution or federal law by a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992); *Collins v. Womancare*, 878 F.2d 1145, 1147 (9th Cir. 1989). Liability under § 1983 arises "only upon a showing a personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* (citations omitted). There is no *superior respondeat* liability under § 1983. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-94 (1978).

Unlike his original Complaint, Plaintiff's proposed Amended Complaint does not allege personal involvement by any of the named Defendants in the alleged deprivation of Plaintiff's rights; instead, each allegations refers generally to "prison officials." As such, Plaintiff fails to allege claims against the named Defendants upon which relief may be granted under § 1983.

5 - OPINION AND ORDER -

### 2. State Law Claims

Plaintiff's proposed Amended Complaint invokes the Court's supplemental jurisdiction in an attempt to allege state law tort claims for malpractice, intentional infliction of emotions distress, negligence, and "abuse of a vulnerable person."

The Oregon Tort Claims Act ("OTCA") eliminates state law tort claims against state officers, employees, and agents for their work-related torts. "In place of a claim against an individual, the legislature substituted a single claim against the public body[.]" *Jensen v. Whitlow*, 334 Or. 412, 51 P.3d 599, 601 (Or. 2002); Or. Rev. Stat. § 30.265(3) ("the sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties . . . is an action against the public body"). Thus, should Plaintiff be allowed to proceed upon his proposed Amended Complaint, the Court would be required to substitute the State of Oregon for the individual State Defendants.[1] *See Ctr. for Legal Studies, Inc. v. Lindley*, 64 F.Supp.2d 970, 974 (D.Or. 1999), *aff'd*, 1 F.App'x 662 (9th Cir. 2001) (substituting public body for individual defendants).

Absent an express waiver, however, the Eleventh Amendment "bars suits in federal court against a state and its

---

[1] Plaintiff's proposed Amended Complaint does not allege the State Defendants were acting outside the scope of their employment.

6 - OPINION AND ORDER -

agencies brought by its own citizens and citizens of other states." *In re Jackson*, 184 F.3d 1046, 1049 (9th Cir. 1999). The OTCA does not waive Oregon's Eleventh Amendment immunity to suit in federal court. Or. Rev. Stat. §§ 30.265-30.300; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n. 9 (1984) ("a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts"); *Webber v. First Student, Inc.*, --- F.Supp.3d ---, 2013 WL 773732 (D.Or. Feb. 26, 2013) (OTCA "does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court"); *Estate of Pond v. Oregon*, 322 F.Supp.2d 1161, 1165 (D.Or. 2004) (same).

To the extent Plaintiff's proposed Amended Complaint attempts to allege state tort claims against the individual State Defendants, sovereign immunity bars such claims. Accordingly, the proposed amendment would be futile in this respect.[2]

For these reasons, the Court finds Plaintiff's proposed Amended Complaint would be futile.[3] Accordingly, the Court DENIES Plaintiff's Motion For Leave to Amend (#62) in the form tendered.

---

[2] Plaintiff's request to have the question referred to the Oregon Supreme Court of whether the State of Oregon waived sovereign immunity by enacting the OTCA is resolved below.

[3] Because the Court finds the issues of lack of personal involvement and sovereign immunity dispositive on the matter, the Court need not address the State Defendant's argument regarding Plaintiff's attempt to substitute the "Estate of Greg Lytle, MD," as a Defendant herein.

7 - OPINION AND ORDER -

## II. Plaintiff's Motion to Sever

Plaintiff seeks an order "severing" his claims against Defendant Clark and allowing Plaintiff to proceed with a separate civil complaint.[4] Plaintiff attached a copy of a proposed separate civil complaint to his motion. In the proposed separate civil complaint, Plaintiff invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332 to allege claims of breach of contract, state tort claims, and Constitutional tort claims. Defendant Clark objects on the basis that Plaintiff cannot meet his burden to show that severance is warranted.

Under Fed. R. Civ. P. 21, a court may on its own motion or motion by a party, "on just terms," sever any claim against a party. In evaluating motions to sever pursuant to Rule 21, courts look to rule 20 for guidance. *Bias v. Wells Fargo & Co.*, 2012 WL 2906664, *2 (N.D. Cal. July 13, 2012). Once a claim has been severed under Rule 21, "it proceeds as a discreet unit with its own final judgment, from which an appeal may be taken." 7 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure*, § 1689 (3d ed. 2001). A district court has "broad discretion" in determining whether such a severance is appropriate. *See In re EMC Corp.*, 677 F.3d 1351, 1355 (Fed.Cir.

---

[4]Defendant Clark argues Plaintiff's Motion to Sever indicates Plaintiff concedes the Court should dismiss Clark from Plaintiff's original Complaint. Plaintiff's motion makes no such concession, however, and the Court declines to infer as much.

8 - OPINION AND ORDER -

2012); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *Anticancer, Inc. v. Pfizer Inc.*, 2012 WL 1019796 (S.D. Cal. Mar. 26, 2012).

At this juncture, the Court finds the interests of justice would not be served by severance of Plaintiff's claims against Defendant Clark. The claims Plaintiff apparently seeks to allege against Defendant Clark as set forth in the proposed civil complaint attached to Plaintiff's motion are not part of the original complaint and are not currently before the Court. Should Plaintiff wish to proceed with those separate, distinct claims against Defendant Clark, a more appropriate means to do so would be to file a separate action.

### III. Defendant "Estate of Greg Lytle, M.D." and the State Defendants' Partial Rule 12(C) Motion for Judgment on the Pleadings

Plaintiff filed this action on May 16, 2012. Plaintiff's Complaint named Greg Lytle, M.D., as a Defendant. On October 4, 2012, counsel for the State Defendants notified the Court that Dr. Lytle died on November 10, 2011. On October 9, 2012, this Court issued an Order granting Plaintiff's motion to substitute the "Estate of Greg Lytle, M.D." for Defendant Greg Lytle, M.D. The Order also stated "[u]pon receipt of a completed Summons and instruction form for Defendant Estate of Greg Lytle, M.D., the Clerk shall issue process and service of the summons and Complaint

9 - OPINION AND ORDER -

on Defendant Estate of Greg Lytle, M.D., shall be made by the United States Marshal's Service."

Plaintiff did not complete and return a Summons and instruction form for Defendant Estate of Greg Lytle, M.D., and there is no indication in the record that service of process was ever completed. Indeed, in a November 7, 2012, Declaration in support of a request for additional time for the remaining State Defendants to file an answer or other responsive pleading, Counsel for the remaining State Defendants informed the Court that Dr. Lytle does not have an estate.

The State Defendants now move for partial judgment on the pleadings. They argue the "Estate of Greg Lytle, M.D." is not a proper party to this action for two reasons: (1) under applicable law, Plaintiff's claims would need to go forward against the personal representative of Dr. Lytle's estate, and because there is no estate there is currently no personal representative; and (2) in any event Plaintiff's claims against Dr. Lytle's personal representative are time-barred.

Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court -- on motion or its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Well more than 120 days have passed since the Court ordered the substitution of the

10 - OPINION AND ORDER -

"Estate of Greg Lytle, M.D." as a Defendant in this action. In any event, service of process has not been completed on this Defendant. Accordingly, the Court hereby notifies Plaintiff of the Court's intent to dismiss the Estate of Greg Lytle, M.D., as a Defendant to this action unless Plaintiff shows good cause by September 19, 2013, why dismissal should not be ordered. Accordingly, the Court finds MOOT the remaining State Defendants' Motion for Partial Rule 12(C) Judgment on the Pleadings.

### IV. Plaintiff's Motion For Certification of Question to Oregon Supreme Court

Plaintiff moves the Court for certification of the following question to the Oregon Supreme Court:

> With the enactment of the Oregon Tort Claims Act, did the State of Oregon implicitly waive its immunity to the presentation of such claims as are authorized by the Act by citizens of the State of Oregon in actions brought before the United States District Court for the District of Oregon?

The Oregon Supreme Court may answer questions of law certified to it by a United States District Court "if there are involved any proceedings before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court and the intermediate appellate courts of this state." Or. Rev. Stat. § 28.200; Local Rule 83-15; *see also*

11 - OPINION AND ORDER -

*Western Helicopter Services, Inc. v. Rogerson Aircraft Corp.*, 311 Or. 361, 364, 811 P.2d 627 (1991).

As discussed above, under the Eleventh Amendment to the United States Constitution, federal courts may not entertain a lawsuit brought by a citizen against a state, its agencies, or departments without the state's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst*, 465 U.S. at 100. A state waives its sovereign immunity by expressly consenting to be sued in a particular action. *See Edelman v. Jordan*, 415 U.S. 651, 573 (1974) ("we will find waiver only were stated by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction").

Plaintiff argues the State of Oregon consented to suit in federal court through the adoption of the OTCA. Although the OTCA does contain a general waiver of immunity, it does not contain an express consent to suit in federal court. *See* Or. Rev. Stat. § 30.265. Despite Plaintiff's argument to the contrary, it is well settled that "[t]he Oregon Tort Claims Act does not waive Oregon's Eleventh Amendment immunity to suit in federal court." *Woodroffe v. Oregon*, 2013 WL 1814887, *6 (D. Or. April 29, 2013); *see also Webber*, --- F.Supp.2d ---, 2013 WL 773732 at *27 (same); *Edelman*, 415 U.S. at 678 n. 19 (a state's waiver of sovereign

12 - OPINION AND ORDER -

immunity in its own courts is not determinative of whether that state has waived its Eleventh Amendment immunity in federal court). Accordingly, the Court denies Plaintiff's request to certify a question to the Oregon Supreme Court.

### CONCLUSION

For these reasons, IT IS HEREBY ORDERED as follows:

1. The Court DENIES Plaintiff's Motion for Leave to Amend (#62) in the form tendered and Plaintiff's original Complaint remains the operative pleading;
2. The Court DENIES Plaintiff's Motion to Sever (#61);
3. The Court NOTIFIES Plaintiff that an Order dismissing the "Estate of Greg Lytle, M.D.," as a Defendant for lack of service within the time provided under Fed. R. Civ. P. 4(m) shall be entered after September 19, 2013, unless Plaintiff shows good cause by that date why dismissal should not be entered;
4. Because Defendant Estate of Greg Lytle, M.D. has not been served with a Summons and Complaint, the Court FINDS AS MOOT, the State Defendants' Rule 12(C) Motion for Judgment on the Pleadings (#59); and

13 - OPINION AND ORDER -

5. The Court DENIES Plaintiff's Motion for Certification of Question to Oregon Supreme Court (#74).

IT IS SO ORDERED.

DATED this __16__ day of August, 2013.

_____
ANNA J. BROWN
United States District Judge