FILED17DEC'13 10:53USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROTISH V. SINGH, ) | |
| ) | Case No. 2:12-CV-00873-BR |
| Plaintiff, ) | |
| ) | RESPONSE TO STATE DEFENDANTS' |
| vs. ) | RULE 12(B)(6) MOTION TO DISMISS |
| ) | AND RULE 12(C) MOTION FOR JUDG- |
| STEVE FRANKE, et al., ) | MENT ON THE PLEADINGS |
| ) | PLAINTIFF'S CROSS-MOTION FOR |
| Defendants. ) | LEAVE TO AMEND COMPLAINT |

Defendants move for an order dismissing plaintiff's claims against defendants Wettlaufer and Belleque for failure to state a claim based on plaintiff's alleged failure to assert that these two defendants "personally engaged in any actions that deprived [plaintiff] of his federally protected rights." The defendants further move for judgment on the pleadings in favor of defendant Greg Lytle, M.D., because Dr. Lytle died before this lawsuit was filed. Plaintiff cross-motions for leave to amend the complaint and name Dr. Lytle's legal representative as a defendant.

After plaintiff filed notice of intent to sue in conformance with the requirements of the Oregon Tort Claims Act, but before filing this lawsuit and unknown to plaintiff at the time of filing this suit, defendant Greg Lytle, M.D. died. Upon receiving notification of defendant Lytle's death, plaintiff sought to determine whether defendant Lytle's estate had a legal

Page -1-  Response/Cross-Motion

representative and whether that representative could appropriately be substituted for defendant Lytle. On information and belief, defendant Lytle's estate has not been the subject of probate and no legal representative represents that estate. This circumstance does not necessarily mean that plaintiff may not proceed with his claims originally against defendant Lytle in another manner.

Plaintiff respectfully cross-motions this court for leave to amend the complaint and name in the alternative; defendant Steve Franke, Steven Shelton, or opposing counsel as a defendant in defendant Lytle's place. See: Crosby v O'Connell, 2010 US Dist LEXIS 105542 (NDNY 2010) at footnote 21; Darmanchev v Roytshteyn, 234 F.R.D. 78 (ED Pa. 2005). Defendant Lytle was the chief medical officer at the Two Rivers Correctional Institution and was responsible for the willful denial of appropriate medical treatment to plaintiff. This deliberate indifference did not occur in a vacuum. Oregon law provides that the superintendent of an institution appoints and supervises the institution's chief medical officer. Notwithstanding that statutory provision, by Department of Corrections rule, the department's medical director is the person who actually appoints and supervises each institution's chief medical officer.

Page -2- Response/Cross-Motion

Plaintiff alleges that the defendants were deliberately indifferent to his medical needs and that this indifference arises in part as a policy and practice of defendants. Plaintiff does not merely assert that defendant Lytle was negligent and that the other defendants were aware of defendant Lytle's lack of professional skill, but rather that defendants have deliberately made it a policy and practice not to provide plaintiff and other Oregon prisoners necessary medical treatments as part of what defendants perceive as prisoners' punishment. Notwithstanding defendant Lytle's death, it is appropriate that plaintiff's claims against defendant Lytle be allowed to proceed and therefore plaintiff asks that this court grant plaintiff leave to amend the complaint and substitute in Dr. Lytle's legal representative in Dr. Lytle's place.

Plaintiff asks that this court direct the defendants and/or opposing counsel to identify the person who should be named as defendant Lytle's legal representative and that this court grant plaintiff thirty days in which to make the appropriate amendment. Plaintiff does not object to the dismissal of defendants Wettlaufer and Belleque from this action with the proviso that if in discovery, plaintiff should learn that either of these defendants played a more substantial role than currently known, plaintiff may revisit this issue.

Page -3-   Response/Cross-Motion

Plaintiff respectfully moves this court for leave to amend his complaint for the limited purpose expressed herein. Plaintiff asks that the new scheduling order previously requested include a date by which the requested amendment is to be filed and served.

Dated this 10th day of December, 2013.

Respectfully submitted by,

Rotish V. Singh,
Plaintiff, Pro Se

### CERTIFICATE OF SERVICE

I, the above signed, do certify that I mailed true copies of this Response/Cross-Motion this date to:

Shannon Vincent
Assistant Attorney General
Oregon Dept of Justice
1162 Court Street, N.E.
Salem, Oregon 97301-4096

Mark Sherman
Attorney at Law
1000 SW Broadway, Suite 2000
Portland, Oregon 97205