IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROTISH VIKASH SINGH,

       Plaintiff,

   v.

S. FRANKE, et al.,

       Defendants.

Civil No. 2:12-cv-00873-BR

OPINION AND ORDER

ROTISH VIKASH SINGH
SID #11852604
Two Rivers Correctional Institution
82911 Beach Access Rd.
Umatilla, OR  97882

       Plaintiff *Pro Se*

ELLEN F. ROSENBLUM
Attorney General
SHANNON M. VINCENT
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

       Attorneys for Defendants Belleque,
       Brown, Fanger, Franke, Gower, Gruenwald,
       Hansen, Jackson, Jhonston, Martinez,
       Mathisen, Perkins, Reynolds, Shelton,
       Taylor, and Wettlaufer

1 - OPINION AND ORDER -

STEVEN A. KRAEMER
MARK SHERMAN
Hart Wagner LLP
1000 SW Broadway
Suite 2000
Portland, OR 97205

Attorneys for Defendant Clark

BROWN, Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983 *pro se*. Currently before the Court are Defendant Tom Clark's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to FRCP 12(b)(6) (#96) and Plaintiff's Cross-Motion to Sever Misjoined Defendants (#115). For the reasons that follow, the Court GRANTS Defendant Clark's Motion and DENIES Plaintiff's Motion.

**BACKGROUND**

Plaintiff's Second Amended Complaint alleges claims against various correctional employees of the Oregon Department of Corrections ("ODOC") and Defendant Tom Clark, who is a private employee of a food broker and wholesaler providing foods to the

2 - OPINION AND ORDER -

prison pursuant to a contract with ODOC.[1]  Only one of Plaintiff's four claims for relief is directed against Defendant Clark.

In his third claim, Plaintiff alleges prison officials acted with deliberate indifference when they knew of the potential risk of serious harm and served Plaintiff with outdated spoiled food. The claim is based on a single incident which occurred on May 21, 2010, in which Plaintiff consumed a packet of mayonnaise sold to ODOC by Clark's employer.  Plaintiff alleges the mayonnaise was "out of date," and that he believes consuming it caused him to become ill.

Plaintiff alleges Defendant Clark "knew the food was contaminated, as he intentionally provided it to [Defendant] Mathisen."  Plaintiff also alleges Defendants Fanger and Mathisen "have a practice, custom, and usage of purchasing food items from defendant Clark and other wholesale food brokers," that Clark "accepted monetary bribes from Mathisen and other incentives for doing business with Mathisen," and that an investigation into Mathisen's conduct as food services manager showed "Clark's conspiratory [sic] involvement."

---

[1] The Court previously granted Defendant Clark's motion to dismiss Plaintiff's original Complaint for failure to state a claim upon which relief may be granted.  Due to Plaintiff's *pro se* status, the Court granted Plaintiff leave to file a Second Amended Complaint curing the deficiencies noted in the Court's order.

3 - OPINION AND ORDER -

## LEGAL STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B) the action . . .

    (I) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

In order to state a claim, Plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that Defendants violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*,

4 - OPINION AND ORDER -

627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

Plaintiff's Second Amended Complaint fails to cure the deficiencies noted in the Order granting Defendant Clark's Motion to Dismiss the original Complaint. Specifically, Plaintiff fails to allege facts supporting a claim that Defendant Clark was acting under color of state law, or that the harm alleged rises to the level of a constitutional violation.

As noted by the Court in the prior Opinion and Order, generally, private parties are not acting under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991).

Where a private party conspires with state officials to deprive others of constitutional rights, however, the private party is acting under color of state law. *Tower v. Glover*, 467 U.S. 914, 920 (1984); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002).

"To prove a conspiracy between the state and private parties under [§] 1983, the [plaintiff] must show an agreement or meeting of the minds to violate constitutional rights. To be liable, each participant in the conspiracy need not know the exact details of the plan, but each must at least share the common objective of the conspiracy." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citations and internal quotations omitted). Conclusory allegations are insufficient to state a claim of conspiracy. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Plaintiff alleges only conclusory statements that Defendant Clark conspired with prison officials. He does not allege facts supporting the claim.

Moreover, even if Plaintiff alleged facts sufficient to establish a conspiracy between Defendant Clark and ODOC officials, Plaintiff fails to allege facts establishing a constitutional violation. The Eighth Amendment requires only that prisoners receive food that is adequate to maintain health; the food need not be tasty or aesthetically pleasing. *LeMaire v. Maass*, 12 F.3d

6 - OPINION AND ORDER -

1444, 1456 (9th Cir. 1993). An isolated incident of food poisoning, particularly where the plaintiff did not suffer serious injury, is not sufficient to constitute an Eighth Amendment violation. *See Islam v. Jackson*, 782 F.Supp. 1111, 1114-15 (E.D. Va. 1992) (serving one meal contaminated with maggots and meals under unsanitary conditions for thirteen days was not cruel and unusual punishment); *see also Bennett v. Misner*, 2004 WL 2091473, *17 (D.Or. Sept. 17, 2004) (inmates served ketchup packages marked for use one year before failed to state Eighth Amendment violation where they did not allege they suffered significant injury or illness, such as specific, repeated instances of food poisoning).

Finally, to the extent Plaintiff argues his claims against Defendant Clark are based upon common law principles of negligence, fraud, and breach of contract under diversity jurisdiction, Plaintiff's argument lacks merit. Plaintiff makes no such allegations; his claim against Defendant Clark is based solely on an alleged Eighth Amendment violation. To the extent Plaintiff attempts to invoke diversity jurisdiction, his Second Amended Complaint fails. *See* 28 U.S.C. § 1332(a) (diversity jurisdiction requires that all parties to an action be "citizens of different states" and that the amount in controversy exceed $75,000.00).

7 - OPINION AND ORDER -

## CONCLUSION

For these reasons, the Court GRANTS Defendant Tom Clark's Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to FRCP 12(b)(6) (#96). Because Plaintiff was previously granted leave to amend to state a claim against Defendant Clark, the dismissal is WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion to Sever Mis-Joined Defendants is DENIED as moot.

IT IS SO ORDERED.

DATED this 20th day of December, 2013.

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER -