```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


ROTISH VIKASH SINGH,                      2:12-CV-00873-BR

          Plaintiff,                      OPINION AND ORDER

v.

STEVE FRANKE; MICHAEL GOWER;
D. WETTLAUFER; S. SHELTON;
GREG LYTLE; LINDA GRUENWALD;
O. HANSEN; M.E. PERKINS;
M. MATHISEN; B. MARTINEZ;
V. REYNOLDS; D. BROWN;
K. JACKSON; TOM CLARK;
S. JOHNSTON; K. FANGER;
J. TAYLOR; B. BELLEQUE,

          Defendants.


ROTISH VIKASH SINGH
# 11852604
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, OR 97882-9419

          Plaintiff, Pro Se
```

1 - OPINION AND ORDER

**ELLEN ROSENBLUM**
Attorney General
**SHANNON M. VINCENT**
Assistant Attorney General
1162 Court Street N.E.
Salem, OR 97301
(503) 947-4700

>       Attorneys for Defendants B. Belleque, D. Brown,
>       K. Fanger, Steve Franke, Michael Gower, Linda
>       Gruenwald, O. Hansen, K. Jackson, S. Johnston, Greg
>       Lytle, B. Martinez, M. Mathisen, M.E. Perkins,
>       V. Reynolds, S. Shelton, J. Taylor, and D. Wettlaufer
>       (State Defendants)

**STEVEN A. KRAEMER**
**LESLIE ANNE EDENHOFER**
**MARK C. SHERMAN**
Hart Wagner, LLP
1000 S.W. Broadway
Suite 2000
Portland, OR 97205
(503) 222-4499

**ROBERT C. DOUGHERTY**
1130 S.W. Morrison Street
Suite 210
Portland, OR 97205-2213
(503) 241-2331

>       Attorneys for Defendant Tom Clark

**BROWN, Judge.**

This matter comes before the Court on State Defendants' Rule 12(b)(6) Motion (#111-1) to Dismiss and Rule 12(c) Motion (#111-2) for Judgment on the Pleadings. For the reasons that follow, the Court **GRANTS** Defendants' Motions, **DISMISSES without prejudice** Plaintiff's claims against Defendants Wettlaufer and Belleque, and **DISMISSES with prejudice** Plaintiff's claims against

2 - OPINION AND ORDER

Defendant Lytle.

## BACKGROUND

On May 16, 2012, Plaintiff Rotish Vikash Singh, an inmate at Two Rivers Correctional Institution, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and alleged claims against various prison officials,[1] including Greg Lytle, D. Wettlaufer, and B. Belleque, for cruel and unusual punishment, deliberate indifference to a serious medical need, and retaliation.

On September 3, 2013, Plaintiff filed a Second Amended Complaint asserting the same claims against the same Defendants and including additional facts to support his claims.

On November 18, 2013, State Defendants filed a Rule 12(b)(6) Motion to Dismiss and Rule 12(c) Motion for Judgment on the Pleadings in which they seek dismissal of Plaintiff's claims against Defendants Wettlaufer, Belleque, and Lytle.  The Court took State Defendants' Motions under advisement on January 22, 2014.

---

[1] Plaintiff also alleged claims against Tom Clark, a private individual.  The Court dismissed Plaintiff's claims against Clark with prejudice on December 20, 2013.  Opin. and Order (#126).

3 - OPINION AND ORDER

**STANDARDS**

I.  **Dismissal for Failure to State a Claim Pursuant to Rule 12(b)(6)**

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic v. Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557, 127 S. Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atlantic*, 550 U.S. at 555-56. The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff. *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted). A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756,

4 - OPINION AND ORDER

763 (9th Cir. 2007)(citation omitted).

A *pro se* plaintiff's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the Court has an "obligation [when] the petitioner is *pro se* . . . to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d at 1212 (quotation omitted). "[B]efore dismissing a *pro se* complaint the . . . court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id*. (quotation omitted). "A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id*. (quotation omitted).

**II.  Judgment on the Pleadings**

Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

For purposes of a motion pursuant to Rule 12(c), the court must accept the nonmoving party's allegations as true and view all

5 - OPINION AND ORDER

inferences in a light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  A judgment on the pleadings is properly granted when, taking all allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law.  *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010).  "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Davis v. Astrue*, Nos. C-06-6108 EMC, C-09-0980 EMC, 2011 WL 3651064, at *1 (N.D. Cal. Aug. 18, 2011)(citation omitted).  *See also Cafasso v. Gen. Dynamics C4 Sys., Inc*., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)(A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies.").

## DISCUSSION

**I.   Motion to Dismiss**

State Defendants move to dismiss Defendants Wettlaufer and Belleque pursuant to Rule 12(b)(6) on the ground that Plaintiff did not plead any facts establishing personal participation by Wettlaufer or Belleque in the alleged violations.

To establish a claim under § 1983 against an individual defendant, a plaintiff must plead facts sufficient to show

6 - OPINION AND ORDER

personal participation in the alleged constitutional deprivation by each defendant. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual acts, has violated the Constitution."). *See also Zellmer v. Constantine*, 520 F. App'x 564, 565 (9th Cir. 2013)("The district court properly dismissed defendant Constantine because Zellmer failed to show that Constantine had any personal involvement in the alleged violations."); *Arizmendi v. City of San Jose*, No. 5:08-CV-05163 EJD, 2012 WL 5471152, at *4 (N.D. Cal. Nov. 9, 2012)("A plaintiff must establish "integral participation" of the individual officer in the alleged constitutional violation. Summary Judgment, therefore, is proper when there is no question of fact or dispute that specific individual defendants did not participate personally in an allegedly unconstitutional search." (citations omitted.)).

In addition, "'[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under section 1983.'" *Torlucci v. Norum*, 509 F. App'x 636, 637 (9th Cir. 2013)(quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

7 - OPINION AND ORDER

Plaintiff does not allege any facts in his Second Amended Complaint that show any personal participation by Wettlaufer or Belleque in the alleged violations of his Constitutional rights. Plaintiff concedes in his Response to Defendants' Motion to Dismiss that he did not allege facts that show personal participation by Wettlaufer or Belleque and states he does not object to dismissal of those Defendants without prejudice.

Accordingly, the Court grants State Defendants' Motion to Dismiss Defendants Wettlaufer and Belleque and dismisses Plaintiff's claims against them without prejudice.

**II.    Judgment on the Pleadings**

State Defendants move for judgment on the pleadings as to Plaintiff's claims against Defendant Greg Lytle on the ground that Lytle died before Plaintiff filed this action, Plaintiff did not petition for the appointment of a personal representative for Lytle, Plaintiff did not substitute the personal representative of Lytle as a Defendant, and now any claim against a personal representative of Lytle is time-barred.

"It is undisputed that survival actions are permitted under § 1983 if authorized by the applicable state law." *Byrd v. Guess*, 137 F.3d 1126, 1131 (9th Cir. 1998), *abrogation on other grounds recognized by Moreland v. Las Vegas Metro. Police*, 159 F.3d 365, 369-70 (9th Cir. 1998)).  Oregon law provides:  "If a person against whom an action may be brought dies before the

8 - OPINION AND ORDER

expiration of the time limited for its commencement, an action may be commenced against the personal representative of the person after the expiration of that time, and within one year after the death of the person." Or. Rev. Stat. § 12.190(2).

Oregon courts have made clear that when a plaintiff files a complaint that names a person who has already died as a defendant and then later amends the complaint to name the personal representative of the decedent's estate, the personal representative "brought in by amendment" must receive adequate notice of the action within one year of the decedent's death. *See, e.g., Worthington v. Estate of Davis*, 250 Or. App. 755, 764 (2012). Thus under Oregon law when a potential defendant dies before a plaintiff files an action, a plaintiff may bring the action against the would-be defendant's personal representative only if (1) the action is filed within the applicable statute-of-limitations period, (2) the action is filed not more than one year from the decedent's death, and (3) the personal representative has notice of the action within one year from the decedent's death.

Here Lytle died in 2011 before Plaintiff filed this action. According to State Defendants, there has not been any personal representative appointed for Lytle.[2] Thus, even if a personal

---

[2] The Oregon Court of Appeals has held when a personal representative has not been appointed, it is the responsibility of a plaintiff seeking to file an action against a personal

representative was appointed for Lytle at this time, the claims that Plaintiff seeks to bring against Lytle would be time-barred as to Lytle's personal representative because Plaintiff did not bring this action against the personal representative within one year of Lytle's death.

Moreover, the Ninth Circuit has held courts must apply the forum state's statute of limitations for personal-injury claims to any claims under § 1983. *See, e.g.*, *Traxtle v. Holman*, 502 F. App'x 709, 709 (9th Cir. 2013)("[F]or § 1983 claims, courts apply the forum state's statute of limitations for personal injury claims."). Personal-injury claims in Oregon must be commenced within two years of the injury. *See* Or. Rev. Stat. § 12.110(1). As noted, Lytle died in 2011, and, accordingly, any injury that Lytle might have caused Plaintiff would have occurred in 2011, which is more than two years ago. Accordingly, Plaintiff's claims against any personal representative of Lytle would also be time-barred.

Nevertheless, Plaintiff seeks an order naming Steve Franke, Steven Shelton, or defense counsel as Lytle's personal representative in this action and seeks leave to amend his Second Amended Complaint to assert his claims against Franke, Shelton,

---

representative to file a petition with the probate court seeking the appointment of a personal representative. *See Wheeler v. Williams,* 136 Or. App. 1, 5-6 (1995)("Plaintiff did not have a personal representative appointed and served within the statutory period. Accordingly, her complaint was properly dismissed.").

10 - OPINION AND ORDER

or defense counsel as Lytle's personal representative. As noted, even if Franke, Shelton, or defense counsel were appropriate personal representatives for Lytle (which they are not), any such amendment would be futile. As the Oregon Court of Appeals explained:

> [T]he personal representative of a deceased person's estate is not merely the decedent by a different name. . . . Thus, the decedent and the personal representative do not have coextensive legal identities any more than they have coextensive lives. Consequently, when a plaintiff sues a person who has died, rather than the personal representative of the decedent's estate, the plaintiff has chosen the wrong person to sue. [H]e has not merely misnamed the correct defendant.
>
> To summarize: When a plaintiff files a complaint that names a person who already has died as a defendant, and the plaintiff later amends the complaint to name the personal representative of the decedent's estate as the defendant, that amendment "chang[es] the party against whom [the] claim is asserted" for purposes of ORCP 23 C . . . . Consequently, the amended complaint will relate back to the date of the original complaint only if the requirements of both sentences of ORCP 23 C are met, including that the personal representative who was "brought in by amendment" received adequate notice of the action "within the period provided by law for commencing the action" against him.

*Wortington*, 250 Or. App. at 764-65. In *Worthington* the court concluded the trial court properly dismissed the plaintiff's negligence claim against the decedent's personal representative because

> [b]y the time plaintiff took steps to have a personal representative of Davis's estate named so

11 - OPINION AND ORDER

>       that she could sue that personal representative,
>       the two-year limitations period for negligence
>       already had expired.  Consequently, the personal
>       representative did not have notice of the
>       litigation "within the period of law for
>       commencing the action," as the second sentence of
>       ORCP 23 C requires.  Plaintiff's amended complaint
>       did not, therefore, relate back to the date on
>       which she had filed her original complaint.

250 Or. App. at 765-66 (citations omitted).

Here, as in *Worthington*, any personal representative appointed for Lytle at this point would not receive notice of the action within § 1983's two-year limitations period, and, therefore, Plaintiff's claims against the personal representative would not relate back to the date on which Plaintiff filed his original Complaint.  Thus, Plaintiff's claims against Lytle's personal representative would be untimely.

Accordingly, the Court grants State Defendants' Motion for Judgment on the Pleadings as to Plaintiff's claims against Lytle and dismisses those claims with prejudice.

## CONCLUSION

For these reasons, the Court **GRANTS** State Defendants' Rule 12(b)(6) Motion (#111-1) to Dismiss and Rule 12(c) Motion (#111-2) for Judgment on the Pleadings, **DISMISSES without prejudice** Plaintiff's claims against Defendants Wettlaufer and Belleque, and **DISMISSES with prejudice** Plaintiff's claims against Defendant Lytle.

12 - OPINION AND ORDER

IT IS SO ORDERED.

DATED this 26th day of March, 2014.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER